IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| SHEILA KERNS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 06-795-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| JOANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Phil Studenberg
200 Pine Street
Klamath Falls, Oregon  97601

      Attorney for Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon  97204-2902

Page 1 - OPINION AND ORDER

Leisa A. Wolf
Special Assistant United States Attorney
Social Security Adminstration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075

      Attorneys for Defendant

KING, Judge:

Plaintiff Sheila Kerns brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI").  I affirm the decision of the Commissioner.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability.  42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act.  42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months.  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind

Page 2 - OPINION AND ORDER

of substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability.  The claimant has the burden of proof on the first four steps.  Bustamante v. Massanari, 262 F.3d 949, 953 (9th Cir. 2001); 20 C.F.R. §§ 404.1520 and 416.920.  First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity."  If the claimant is engaged in such activity, disability benefits are denied.  Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c) and 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d) and 416.920(d).  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past.  If the claimant is able to perform work which he or she performed in the past, a finding of "not disabled" is made and disability benefits are denied.  20 C.F.R. §§ 404.1520(e) and 416.920(e).

If the claimant is unable to perform work performed in the past, the Commissioner

proceeds to the fifth and final step to determine if the claimant can perform other work in the

national economy in light of his or her age, education, and work experience.  The burden shifts to

the Commissioner to show what gainful work activities are within the claimant's capabilities.

Bustamante, 262 F.3d at 954.  The claimant is entitled to disability benefits only if he is not able

to perform other work.  20 C.F.R. §§ 404.1520(f) and 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial

evidence and is based on correct legal standards.  Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1

(9th Cir. 2005).  Substantial evidence is more than a "mere scintilla" of the evidence but less than

a preponderance.  Id.  "[T]he commissioner's findings are upheld if supported by inferences

reasonably drawn from the record, and if evidence exists to support more than one rational

interpretation, we must defer to the Commissioner's decision."  Batson v. Barnhart, 359 F.3d

1190, 1193 (9th Cir. 2003) (internal citations omitted).

## THE ALJ'S DECISION

The ALJ found that Kerns had severe impairments of sacroiliitis, congenital heart

disorder, major depressive disorder, anxiety disorder, pain disorder, and a schizoid personality

disorder.  However, the ALJ also found that these impairments were not severe enough to meet

or medically equal the requirements of any of the impairments listed in Appendix 1, Subpart P of

the Social Security Regulations.  After a review of the evidence, the ALJ found that Kerns'

statements about her impairments and the nature and extent of her limitations were not entirely

credible.  He assessed Kerns' residual functional capacity as the ability to perform light work

with occasional kneeling and climbing ladders, ropes, and scaffolds.  Because of Kerns' mental impairments, the ALJ limited her to simple, routine tasks and instructions.  Based on the testimony of a vocational expert, the ALJ found that Kerns could return to her past work as a fast food clerk and cashier and thus was not disabled under the Act.

## FACTS

Kerns, who was 38 years old at the time of the ALJ's decision, alleges that she has been disabled since October 2, 2003.  She has a high school education, completed three years of college, and has worked in several jobs:  assistant manager and teller for a check cashing business, concession server, switchboard operator, retail cashier, stockroom supervisor, crew person and swing manager at a fast food restaurant, and lab assistant/phlebotomist.  Kerns states that she left work because she was so emotionally troubled that she could not focus or concentrate at work.  Additionally, her back pain worsened so that she could not stand for any length of time.

Kerns, who lives with her disabled husband and their 12-year-old daughter, states that she is the head of the household.  She does all of the housework and shopping and prepares the meals for her family.  Kerns tries to do the housework in 15 minute intervals so she does not tire excessively.

Kerns takes several heart medications, including nitroglycerin approximately three days a month for flank pain.  She complains of the inability to lie down at work to take the nitroglycerin when needed.  Kerns spends a lot of time each day resting to relieve her back and hip pain.  In a physical examination on March 22, 2004, Kerns described the level of hip and back pain as 2 out of 10 with exacerbations going as high as 4 to 5 out of 10.

Mentally, Kerns complains of excess anxiety and bizarre thoughts.  At times, she becomes obsessed with her physical problems.  Kerns has taken antidepressant and antipsychotic medications.  She was hospitalized for two days on November 30, 2004 because of an incident in which she cut herself in response to getting upset.  Kerns also complains of often feeling intense anger at other people.  She tries to avoid stressful situations, is less social, and stays away from computers because the health information on the Internet is upsetting to her.

Dr. Cole, a psychologist, examined Kerns on January 11, 2004 and administered psychological tests.  He diagnosed Kerns with major depression, recurrent; anxiety disorder, not otherwise specified; pain disorder associated with psychological factors and a general medical condition; cannabis dependence; and rule out schizoid personality disorder.  Dr. Cole concluded that if Kerns pursued vocational placement in the near future, she would need to be assigned to tasks where she can pace herself because of her heart condition and problems with pain.  He also acknowledged that his evaluation is not totally consistent with Kerns' view of her status because she told him that she cannot work at all.  Tr. 276.

## DISCUSSION

Kerns briefly argues that the ALJ gave improper weight to the opinions of two treating physicians, Dr. Capos and Dr. Burns.

The weight given to the opinion of a physician depends on whether the physician is a treating physician, an examining physician, or a nonexamining physician.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).  More weight is given to the opinion of a treating physician because the person has a greater opportunity to know and observe the patient as an individual.  Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).  If a treating or examining physician's

opinion is not contradicted by another physician, the ALJ may only reject it for clear and convincing reasons. Even if it is contradicted by another physician, the ALJ may not reject the opinion without providing specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830. The opinion of a nonexamining physician, by itself, is insufficient to constitute substantial evidence to reject the opinion of a treating or examining physician. Id. at 831. Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by and are consistent with other evidence in the record. Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999).

A physician's opinion of disability "premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been properly discounted." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 602 (9th Cir. 1999) (internal quotation omitted); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An ALJ is not required to accept the opinion of a physician, even a treating physician, if the opinion is "brief, conclusory, and inadequately supported by clinical findings." Batson v. Barnhart, 359 F.3d 1190, 1195 (9th Cir. 2003).

I.    Dr. Capos

Dr. Capos, Kerns' cardiologist since 1984, examined her on October 3, 2003. He stated, "advise psychological disability, full, permanent; she has tried very hard over the last 8 yrs to stay in the work force & earn wage – can't." Tr. 202. On December 3, 2003, just prior to Kerns' planned move to Oregon, Dr. Capos examined her for the final time and found that her systemic venous hypertension was satisfactorily controlled with medication.

Page 7 - OPINION AND ORDER

The ALJ noted that Dr. Capos was not specific about the opinion and did not support it by reference to clinical findings.  He gave little weight to Dr. Capos psychiatric opinion.

I agree that the opinion is vague and refers only to disability for psychological reasons, even though Dr. Capos is a cardiologist and has no expertise with mental disabilities. Consequently, there are no clinical findings supporting his opinion.  The ALJ gave clear and convincing reasons for rejecting Dr. Capos' opinion.

II.    Dr. Burns

Dr. Burns examined Kerns on November 25, 2003, diagnosed her with major depression, generalized anxiety disorder, rule out bipolar II, borderline personality disorder, possible obsessive compulsive disorder, and assigned a GAF of 40.[1]  He prescribed Prozac and Seroquel.

The ALJ acknowledged that the GAF rating was consistent with disability but gave little weight to Dr. Burns' opinion because his notes only repeated Kerns' subjective remarks without any support from clinical findings.

This is an accurate description of the opinion.  Although Kerns had a history with the mental health clinic in 1989, Dr. Burns drew his opinion from an intake interview a clinician completed with Kerns on September 25, 2003 and Dr. Burns' own interview on November 25, 2003.  He did not perform any psychological testing.  Dr. Burns' chart notes only describe Kerns'

---

[1]  Global Assessment of Functioning of 40-50:  "Some impairment in reality testing or communication (*e.g.*, speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (*e.g.*, depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school)."  Global Assessment of Functioning DSM-IV-TR Diagnosis, available at http://dpa.state.ky.us/library/manuals/mental/Ch22.html.

symptoms as she related them to him.  Kerns moved to Oregon a few months later and never saw Dr. Burns again.  The ALJ gave clear and convincing reasons for rejecting Dr. Burns' opinion.

## CONCLUSION

The findings of the Commissioner are based upon substantial evidence in the record and the correct legal standards, and therefore the court affirms the decision of the Commissioner.

IT IS SO ORDERED.

Dated this _____1st_____ day of March, 2007.

  /s/ Garr M. King_____
Garr M. King
United States District Judge